13-4336-cr
United States v. Bartok

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand sixteen.

PRESENT:  GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*,
          CHRISTINA REISS,
                    *Chief District Judge*.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee*,

       v.                                        No. 13-4336-cr

KATHLEEN ADDARIO, AKA KATHY ADAMS, AKA KATE ADAMS, AKA KATHLEEN KELLY, VERONICA TOBIN, AKA VERONICA ANN TOBIN, AKA VERONICA A. TOBIN, AKA VERONICA JACKSON,

       *Defendants,*

ANDREW BARTOK,

       *Defendant-Appellant.*

---------------------------------------------------------------------

  FOR DEFENDANT-APPELLANT:      James E. Neuman, New York, New York.

---

* Chief Judge Christina Reiss, United States District Court for the District of Vermont, sitting by designation.

FOR APPELLEE:                          John Collins, Assistant United States
                                       Attorney (Margaret Garnett, Of Counsel,
                                       *on the brief*), *for* Preet Bharara, United
                                       States Attorney for the Southern District
                                       of New York, New York, New York.

Appeal from judgment of conviction of the United States District Court for the Southern District of New York (Seibel, *J.*), entered on November 1, 2013, as amended on December 3, 2013.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Andrew Bartok was convicted following a jury trial of conspiracy to commit mail and wire fraud (Count One), in violation of 18 U.S.C. § 1349; mail fraud (Count Two), in violation of 18 U.S.C. §§ 1341 and 2; conspiracy to commit bankruptcy fraud and obstruction of justice (Count Three), in violation of 18 U.S.C. § 371; bankruptcy fraud (Count Four), in violation of 18 U.S.C. §§ 157 and 2; conspiracy to commit witness tampering (Count Five), in violation of 18 U.S.C. § 1512; false statements (Count Six), in violation of 18 U.S.C. § 1001; and obstruction of justice (Count Seven), in violation of 18 U.S.C. §§ 1519 and 2.[1] Bartok was sentenced to twenty-two years' imprisonment and three years' supervised release.[2]

The evidence at trial, including testimony by two cooperating witnesses, showed that Bartok engaged in a scheme in which his company purported to help people avoid foreclosure in exchange for up-front and monthly fees. Bartok and his co-conspirators sent flyers to homeowners who were facing foreclosure, advertising that their company could "[s]top foreclosure without bankruptcy." Tr. 196-99. Potential clients were told of "legal loopholes" that could allow them to buy back their homes at a foreclosure auction, and the prospect of bankruptcy was usually not mentioned or discussed. After clients signed up, Bartok and his co-conspirators would file for bankruptcy on their behalf—sometimes without informing them—and abuse the bankruptcy system to exploit the automatic stay issued on pending foreclosure actions. Bartok filed bankruptcy petitions and submitted official correspondence that included false statements, often forging clients' signatures, and he instructed clients to ignore any notices or correspondence from banks or the courts regarding possible foreclosure. Although

---

[1] The superseding indictment charged Bartok with ten counts. Two of the counts were severed prior to trial and ultimately dismissed by the government at sentencing, and Bartok was acquitted of one count of witness tampering.

[2] Bartok does not challenge his sentence in this appeal.

2

Bartok enlisted hundreds of clients through this scheme, none of them ever repurchased a home at a foreclosure auction using his methods.

On appeal, Bartok challenges: (1) the admission of certain evidence by the district court, and (2) the inclusion of a jury instruction regarding conscious avoidance. He also makes several further arguments in a supplemental *pro se* brief. For the reasons that follow, we conclude that Bartok has failed to identify any reversible error and therefore affirm. We assume the parties' familiarity with the underlying facts, record of prior proceedings, and issues on appeal.

1. Evidentiary Rulings

Bartok contends that the district court erred in admitting two types of evidence against him: "other acts" evidence pursuant to Fed. R. Evid. 404(b), and evidence regarding his spending habits, including gambling activity. We review evidentiary rulings for abuse of discretion and will only reverse if we conclude that a challenged ruling was "arbitrary and irrational." *United States v. Quinones*, 511 F.3d 289, 307–08 (2d Cir. 2007) (quoting *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001)) (internal quotation marks omitted).

As to the 404(b) evidence, the district court admitted evidence that Bartok had previously made false statements on a car loan application and on a financial affidavit submitted in connection with his application for appointed counsel under the Criminal Justice Act. Both the car loan application and affidavit included false statements concerning Bartok's income and assets. The district court heard argument on these issues on several occasions, ultimately concluding that the evidence was admissible to show Bartok's intent, in light of the defense's theory that Bartok made false statements in the bankruptcy proceedings to help his clients keep their homes, not to defraud them.

Bartok also argues that the district court should not have admitted evidence of his spending habits. Specifically, Bartok challenges the admission of information about his substantial gambling activity and losses, as well as records of his personal expenditures, such as expensive automobiles, trips, and country club fees. Bartok contends that this evidence was of little probative value because he did not dispute that he earned substantial income from his business, but rather argued to the jury that he did not acquire that money through fraudulent means. The district court ruled that the evidence was admissible because the spending and gambling activity could explain Bartok's motive for committing the fraud. The district court further concluded that the evidence was not unduly prejudicial under Rule 403, in part because Bartok had been engaged in legal gambling activity.

3

Assuming *arguendo* that it was error to admit either type of evidence—an issue we need not and do not reach—Bartok is not entitled to a new trial because any such error was harmless. *See United States v. Curley*, 639 F.3d 50, 58 (2d Cir. 2011). There is no indication that this evidence "bore on an issue that [was] plainly critical to the jury's decision," *id.*, especially in light of the strength of the government's case against Bartok. Two cooperating witnesses, both of whom held managerial positions in Bartok's company, testified as to the scheme, which included soliciting clients by mailing flyers to homeowners who were facing foreclosure, meeting with clients to convince them that his company could help them buy back their homes at a foreclosure auction, filing for bankruptcy on behalf of clients without informing them, and forging clients' signatures on court document and official correspondence, all while collecting substantial fees. The government's case also included testimony by several of Bartok's clients, expert testimony regarding the bankruptcy process, and documentary evidence. The district court described the evidence of Bartok's guilt as "overwhelming," and we agree. Sentencing Tr. (Dist. Ct. Dkt. No. 191) at 14. We therefore reject Bartok's challenges to the district court's evidentiary rulings.

## 2. Jury Instruction

Bartok argues that the district court should not have included a "conscious avoidance" instruction in the jury charge. We review the propriety of a jury instruction *de novo*. *United States v. Nektalov*, 461 F.3d 309, 313 (2d Cir. 2006). A jury instruction is erroneous if it "misleads the jury as to the correct legal standard" or "does not adequately inform the jury of the law." *Id.* (internal quotation marks omitted).

Bartok contends that the evidence did not provide a factual predicate for giving an instruction on conscious avoidance. We disagree. Although the government's primary theme at trial appears to have been that Bartok was the mastermind of the fraudulent scheme, the government is not required to choose between an actual knowledge and a conscious avoidance theory. *United States v. Mang Sun Wong*, 884 F.2d 1537, 1542 (2d Cir. 1989). As the district court concluded, the conscious avoidance instruction was appropriate in light of the defense's theory that Bartok believed he was exploiting "legal loopholes" to help his clients keep their homes, as well as his claim that he was unaware of the illegal activities of his business. Tr. 1672-74. The evidence at trial could support a finding that Bartok "was aware of a high probability" that the purported loopholes did not exist and that his business was involved in fraudulent activity and he "consciously avoided confirming" those facts, thus providing a basis for the instruction. *See Nektalov*, 461 F.3d at 316.

Even if the district court had erred by providing a conscious avoidance instruction, this error would be harmless based on the overwhelming evidence of Bartok's actual

4

knowledge of the facts relevant to the scheme.  *See United States v. Quinones*, 635 F.3d 590, 595 (2d Cir. 2011).   Bartok's argument that he is entitled to a new trial on the basis of this instruction therefore fails.

        3.  <u>Conclusion</u>

We have considered Bartok's remaining arguments, including those in his *pro se* supplemental brief, and conclude that they are without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court